In the Matter of MELVIN J. BEITLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1981

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice as an attorney and counselor at law in this State in June, 1962, and has thereafter maintained an office for such practice within the First Judicial Department. On March 18, 1981 respondent pleaded guilty in United States District Court for the Southern District of New York to one count of conspiracy to defraud the United States, three counts of aiding and abetting in the preparation and filing of false statements before an agency of the United States Government for the purpose of obtaining passports and false documents in support thereof, and one count of aiding or abetting an individual in falsely representing herself to be a United States citizen. The Federal crimes of conspiracy (US Code, tit 18, § 371) and knowingly aiding or abetting in the filing of

false statements (US Code, tit 18, §§ 2, 1001) are each punishable by a fine of up to $10,000 and/or imprisonment for not more than five years. Aiding or abetting in the false personation of an individual as a United States citizen (US Code, tit 18, §§ 2, 911) is punishable by a fine of up to $1,000 and/or imprisonment for not more than three years. Each of these offenses is considered a felony under Federal law (US Code, tit 18, § 1, subd [1]).

Section 1001 of title 18 of the United States Code is analogous to section 175.35 of the Penal Law, which makes it a class E felony knowingly to offer a false instrument for filing with a public office with intent to defraud the State. Further, one who aids an individual in engaging in such conduct is likewise criminally liable (Penal Law, § 20.00). Respondent, having thus committed a Federal felony offense which would also constitute a felony under New York law (Judiciary Law, § 90, subd 4, par e), has forfeited his right to be an attorney and counselor at law in this State as of the date of that conviction (Judiciary Law, § 90, subd 4, par a).

Accordingly, the petition is granted and respondent's name is stricken from the roll of attorneys authorized to practice in this State (Judiciary Law, § 90, subd 4, par b).

KUPFERMAN, J. P., SULLIVAN, MARKEWICH, BLOOM and FEIN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.