## SECOND DEPARTMENT, JULY, 1981

## (July 22, 1981)*

■ In the Matter of WILLIAM CAHN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — By order dated April 7, 1981, the Court of Appeals (1) reversed an order of this court dated January 14, 1980, which, *inter alia,* denied respondent's motion to vacate an order of this court dated October 24, 1977, which disbarred the respondent and ordered his name struck from the roll of attorneys and counselors at law and (2) remitted the matter to this court to expressly determine the question whether respondent's conviction of a felony in the United States District Court (a Federal felony) would constitute a felony under the laws of the State of New York. On July 2, 1976, the respondent was convicted after trial in the United States District Court for the Eastern District of New York, of 10 counts of making false statements in violation of the statute (US Code, tit 18, § 1001) and 35 counts of mail fraud (US Code, tit 18, § 1341). The respondent contends that same are not felonies under the laws of the State of New York and thus he should not have been automatically disbarred by such conviction. We find that the Federal felony for which the respondent was convicted under the statute (10 counts — US Code, tit 18, § 1001) is a cognizable felony under New York Law (Penal Law, § 175.35) and this court's decision and order both dated January 14, 1980 are amended to indicate this finding. While the specific conduct proscribed by section 1001 of title 18 of the United States Code and section 175.35 of the Penal Law is not identical, the Court of Appeals in remitting this matter to this court cited *Matter of Chu* (42 NY2d 490) and stated that "the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail * * * though it must have essential similarity". The Appellate Division of the Supreme Court, First Judicial Department has recently recognized this particular Federal statute to be the equivalent to our New York statute as a felony (*Matter of Mydanick,* 78 AD2d 339). Mollen, P. J., Hopkins, Damiani, Titone and Mangano, JJ., concur.