In the Matter of RICHARD DENNIS SILVERBLATT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 1985

## APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

1

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at a term of the Appellate Division, Second Department, in March 1977. On July 19, 1985, he was convicted in the United States District Court for the Southern District of New York, upon his plea of guilty to one count of a 10-count indictment charging him with "willfully and knowingly" presenting false documents to the United States Immigration and Naturalization Service (INS) containing false statements of material fact in violation of 18 USC § 1001. The indictment alleged that respondent caused the INS to issue employment authorization forms to certain of his clients by misrepresenting reasons justifying a change in their official alien immigration status on forms entitled "Application for Status as Permanent Resident". On July 19, 1985, respondent was given a suspended sentence and two years' probation, and was fined $5,000. The Departmental Disciplinary Committee (DDC) now presents a certified copy of the judgment, and moves to strike his name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), (e). The DDC asserts that respondent is automatically disbarred because the crime of which he now stands convicted is a criminal offense which would also constitute a felony under New York Penal Law § 175.35.

It is beyond cavil that a conviction for making a false statement under 18 USC § 1001 is cognizable as a felony under New York law for purposes of the automatic disbarment statute. (*Matter of Chu*, 42 NY2d 490, 494 [1977]; *Matter of Monte*, 94 AD2d 275, 276-277 [1st Dept 1983]; *Matter of Cahn*, 87 AD2d 1014 [2d Dept 1981]; *Matter of Beitler*, 82 AD2d 276, 277 [1st Dept 1981].) Penal Law § 175.35 provides that it is a class E felony knowingly to offer a false instrument for filing in a public office with intent to defraud the State. In *Matter of Monte (supra)*, this court considered and rejected the contention, made by respondent here, that the State misdemeanor statute (Penal Law § 175.30) is more analogous because Penal Law § 175.35 requires "intent to defraud the state", while the Federal felony statute does not. We noted: "By any definition of terms a person who willfully and knowingly engages in the offering for filing of a false instrument intends to effect the filing of the instrument and thereby intends that the governmental agency with which the instrument is filed be deceived and thereby defrauded" (94 AD2d, at

p 276). The criminal conduct at issue in *Monte* and in the present case is qualitatively indistinguishable.

Respondent contends, *inter alia,* in reliance upon the dissent of then Chief Judge Cooke in *Matter of Margiotta* (60 NY2d 147, 153 [1983]) that application of the automatic disbarment provision to him based upon his conviction violates State and Federal equal protection requirements. He asserts that the criteria for determining whether out-of-State offenses are cognizable as felonies under Judiciary Law § 90 (4) and the "essential similarity" test cannot be applied consistently because there is no ascertainable standard that can be applied from one case to the next.

Respondent concedes, however, that this court has consistently applied the test and the automatic disbarment statute to encompass convictions based upon this particular felony offense under similar circumstances. We do not find the weakness which he suggests to exist in the "essential similarity" test enunciated by the Court of Appeals in *Matter of Chu* (*supra*) and *Matter of Cahn ·v Joint Bar Assn. Grievance Comm.* (52 NY2d 479, 482 [1981]).

Accordingly, respondent's name should be stricken from the roll of attorneys and counselors-at-law.

KUPFERMAN, J. P., SULLIVAN, CARRO, FEIN and ROSENBERGER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.