In the Matter of PHILIP M. SMITH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 25, 1986

### APPEARANCES OF COUNSEL

*Robert P. Walsh* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Philip M. Smith,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the Second Judicial Department on October 14, 1959 but has resided in the First Department at all times relevant to the present matter. On June 10, 1985, respondent, upon his plea of guilty, was convicted of two felonies in the United States District Court for the Southern District of New York.

The conduct upon which respondent's Federal felony convictions were predicated involves his activities while a principal of Incomco, Inc., a New Jersey corporation registered with the Commodity Futures Trading Commission (CFTC) as a futures commission merchant. Between June 25, 1980 and August 1, 1980, Incomco, with respondent's knowledge, failed to segregate funds assigned to customer accounts, leaving those accounts undersegregated in amounts as large as $2,205,496. Attempts by the CFTC to inspect Incomco's segregation records were improperly refused by respondent.

Despite the severe undersegregation of customer funds, respondent on 12 occasions diverted amounts totaling at least $550,000 from segregated customer accounts. These funds were used to finance the renovation of a building in which respondent had a personal interest and were channeled into Incomco's general account to meet its operating expenses.

Respondent also permitted clerical employees of commodity exchanges and their member firms to open accounts at Incomco using the names of nominees, without divulging the identity of the person actually trading in the account and for whose benefit the account was being carried on Incomco's books. These employees were thus enabled to circumvent the rules and regulations of many commodity exchanges and their member firms prohibiting clerical employees from buying or selling futures contracts directly or indirectly for accounts controlled by them and in which they have a beneficial interest. To prevent this sort of abuse the CFTC requires that futures commission merchants such as Incomco keep a true record of the name, address and principal occupation of all persons for whom accounts are carried, including the name of any other person guaranteeing or controlling the account. (17 CFR 1.37 [a].)

For the above-described conduct respondent was convicted on two Federal felony counts. On the first count, respondent was found guilty of unlawfully and knowingly embezzling, stealing, purloining, and with criminal intent converting to his own and others' use money, securities and property valued at approximately $550,000 in violation of 7 USC § 13 (a) and 18 USC § 2. On the second count, respondent was convicted of covering up material facts by tricks, scheme and device; of making false, fictitious and fraudulent statements and representations; and of making and using false writings and documents knowing that they contained false, fictitious and fraudulent statements and entries in violation of 18 USC §§ 2 and 1001.

As a consequence of his felony conviction, respondent has been automatically disbarred pursuant to Judiciary Law § 90 (4) (a). His removal from the roll of attorneys and counselors-at-law must follow according to the dictate of Judiciary Law § 90 (4) (b). Respondent has answered the within petition by requesting a hearing to determine whether the Federal felonies of which he stands convicted have New York analogues and may, therefore, be used as grounds for his disbarment. (See, Judiciary Law § 90 [4] [a], [b], [e].) Since it has already been determined as a matter of law that violation of at least one of the Federal statutes involved (i.e., 18 USC §§ 2, 1001) is analogous to a New York felony (i.e., Penal Law § 175.35) no hearing on this question is necessary. (See, Matter of Beitler, 82 AD2d 276 [1st Dept 1981]; Matter of Mydanick, 78 AD2d 339 [1st Dept 1981].)

Accordingly, the petition is granted, and respondent's name is stricken from the roll of attorneys authorized to practice in this State.

MURPHY, P. J., SULLIVAN, ROSS, ROSENBERGER and ELLERIN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.