In the Matter of IRA SEARLE KRUP (Admitted as I. S. KRUP), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 25, 1988

### APPEARANCES OF COUNSEL

*Gary Casella (Leslie S. Evans* of counsel), for petitioner.

*Ira Searle Krup,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on October 29, 1974, under the name I. S. Krup.

On April 15, 1987, the respondent was found guilty, after trial in the United States District Court for the Eastern District of Virginia, of nine counts involving violation of 18

USC § 371, violation of 18 USC §§ 1001 and 1002, and violation of 18 USC § 201 (g).

On September 23, 1987, the respondent was sentenced on the first count to three years' imprisonment with confinement for a period of 179 days, and execution of the remainder of the jail sentence suspended, and to probation for a period of three years, and was directed to pay a fine in the amount of $10,000. As to four other counts, the respondent was sentenced to the same term of imprisonment to run concurrently with the term imposed as to the first count and directed to pay fines totaling $2,000. As to the remaining four counts, the imposition of sentence was suspended for a period of two years and the respondent was placed on probation for a period of two years commencing upon his release from the confinement imposed on count one, the term of probation to run concurrently with the probation imposed in the first count.

Violation of 18 USC § 1001, a Federal felony, has been held to constitute a felony under the New York State Penal Law § 175.35 (see, Matter of Mydanick, 78 AD2d 339, lv denied 53 NY2d 604; Matter of Cahn, 87 AD2d 1014, lv denied 56 NY2d 536; Matter of Silverblatt, 113 AD2d 1). Penal Law § 175.35, offering a false instrument for filing in the first degree, is a class E felony.

Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith. The respondent's tender of his resignation is not accepted.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and KOOPER, JJ., concur.