In the Matter of HERMENA PERLMUTTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 10, 1988

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Herbert C. Kantor* of counsel *(Kantor, Davidoff, Wolfe, Rabbino & Kass, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in this Department on December 3, 1956.

On May 8, 1987, respondent was convicted, after trial in the United States District Court for the Southern District of New York, of unlawfully, willfully, and knowingly concealing and covering-up by trick, scheme, and device a material fact, to wit, that facially separate transactions in United States currency totaling in excess of $10,000, which were made at the Emigrant Savings Bank of New York, a domestic financial institution, were in truth and in fact part of the same transaction, in violation of 18 USC § 2 (b) and § 1001, a felony; and knowingly, willfully and unlawfully causing a domestic financial institution to fail to file a currency transaction report in connection with transactions involving the payment receipt and transfer of United States currency in excess of $10,000, in violation of 31 USC § 5312 (a) (2); §§ 5313 and 5322, a misdemeanor. She was sentenced to a term of three years' probation.

Respondent's conviction was predicated upon two banking transactions, both of which occurred on the same date in October 1982, when two cashier's checks totaling $12,000 were purchased for cash from the Emigrant Savings Bank. One check for $7,000 was made payable to respondent's client, Diane Manson, while the other in the sum of $5,000 was made payable to respondent. One or two days later, both checks were used to pay the balance due at the closing of the purchase by respondent's client of a cooperative apartment. On the reverse side of each check, respondent wrote: "Re: Purchase of co-op shares, 3240 Riverdale Avenue, Apt. 6E, Bronx, New York", thereby identifying the transaction for which both checks were used. Pursuant to the Federal Currency and Foreign Transactions Reporting Act (31 USC § 5311 *et seq.),* a bank is obligated to file a currency transaction report with the Secretary of the Treasury when a transaction involves more than $10,000. Since each of the two cashier's

checks were drawn for amounts less than $10,000 at different times of the day, the bank did not file a currency transaction report.

On June 15, 1987, the Departmental Disciplinary Committee petitioned this court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) on the ground that respondent had been disbarred automatically as a result of her conviction of a Federal felony that would, if committed within this State, constitute a felony under the laws of this State.

Respondent appeared by counsel and cross-moved for an order, *inter alia*, determining that respondent's felony conviction has no New York felony analogue and referring the matter for a hearing on sanctions pursuant to Judiciary Law § 90 (4) (h).

By order dated July 2, 1987 (M-2162 and M-2270), this court found that the crimes of which respondent was convicted were "at least serious crimes, as defined by Judiciary Law § 90 (4) (d)", suspended respondent from the practice of law and referred the matter to the Departmental Disciplinary Committee for a hearing and report (129 AD2d 171, 172).

On June 1, 1988, after hearing argument from the parties on the issue of whether respondent's Federal felony conviction was "essentially similar" to any New York felony, the Hearing Panel's Chairman, Charles J. Hynes, advised counsel that the Panel was unable to determine whether respondent's Federal felony conviction has an analogue felony under the New York Penal Law and asked the Committee's counsel to seek clarification from this court on the issue so that the Hearing Panel might be guided accordingly.

Petitioner, Departmental Disciplinary Committee, now asks this court to determine whether or not the Federal felonies of which respondent was convicted have any felony analogue under New York law.

Petitioner argues that respondent was automatically disbarred upon her Federal convictions, since those crimes are essentially similar to the New York felony of falsifying business records in the first degree under section 175.10 of the Penal Law.

Respondent's counsel contends that the closest counterpart to the crime of which respondent was convicted is obstructing governmental administration, under Penal Law § 195.05, a misdemeanor.

Respondent was convicted of a violation of 18 USC § 1001, which provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Respondent's conviction was predicated upon a violation of the first clause of the statute, i.e., failing to reveal a material fact and not upon a violation of the second or third clauses which involve the making of a false statement or the making or filing of a false *written* statement.

While there are recent cases in this Department which have held that a conviction under 18 USC § 1001 is analogous to a New York felony, i.e., offering a false instrument for filing in the first degree under Penal Law § 175.35 *(see, Matter of Smith,* 114 AD2d 298; *Matter of Silverblatt,* 113 AD2d 1), those cases have all been based upon false *written* statements as prescribed by the third clause of the statute. There have been no cases involving the question presented here, viz., whether a conviction predicated upon a violation of the first clause of the statute is likewise analogous to the crime of falsifying business records in the first degree, under section 175.10 of the Penal Law. In any event, a review of the facts and the relevant statutes appears to indicate that they are not analogous.

At the outset, a conviction for a felony under Federal law does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law. For such a determination, the Federal felony need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have "essential similarity". *(Matter of Margiotta,* 60 NY2d 147, 150, citing *Matter of Cahn v Joint Bar Assn. Grievance Comm.,* 52 NY2d 479, 482.)

New York Penal Law §§ 175.05 and 175.10 which are relied upon by petitioner, provide that:

"A person is guilty of falsifying business records in the second degree when, with intent to defraud, he:

"1. Makes or causes a false entry in the business records of an enterprise; or

"2. Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or

"3. Omits to make a true entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law or by the nature of his position; or

"4. Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise.

"Falsifying business records in the second degree is a class A misdemeanor." (§ 175.05.)

"A person is guilty of falsifying business records in the first degree when he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof.

"Falsifying business records in the first degree is a class E felony." (§ 175.10.)

In claiming that respondent's Federal conviction under 18 USC § 1001 is analogous to the New York felony of falsifying business records in the first degree, the Committee argues that, from the fact of respondent's avoidance of the currency transaction report filing requirement by splitting a large amount of cash into two smaller transactions, a logical inference can be drawn that respondent's intent was to aid or abet her client in concealing that $12,000 from the IRS and thus evade taxes.

However, a review of the statute indicates that the misdemeanor crime of falsifying business records in the second degree encompasses conduct done with intent to defraud. Falsifying business records in the first degree, a felony, covers the same conduct, but the fraudulent intent must also include an intent to commit another crime, or *to aid or to conceal the commission of another crime.*

In the case at bar, there is no evidence that respondent acted either to commit or to aid or conceal the commission of tax evasion by her client. There is nothing more in the record than the fact that respondent was acting on behalf of a client in conjunction with an ordinary real estate transaction. Moreover, the Federal felony respondent was convicted of required only an intent to defraud by failing to reveal a material fact and not an intent to defraud in conjunction with an intent to commit another crime, or to aid or conceal the commission of another crime. Therefore, on these facts it appears that respondent's felony conviction is more analogous to the misde-

meanor crime of falsifying business records in the second degree (Penal Law § 175.05 [4]).

Respondent's argument that the misdemeanor crime of obstructing governmental administration (Penal Law § 195.05) is the closest cognizable New York crime here is also without merit, since it is well established that the crime of obstructing governmental administration requires either a physical intervention or an independently unlawful act. *(See, People v Case,* 42 NY2d 98; *People v Hope,* 67 AD2d 754.)* Neither criteria is applicable in the instant case.

Thus, we conclude that respondent's Federal felony conviction was predicated upon a violation of the first clause of 18 USC § 1001, which is analogous to a violation of section 175.05 (4) of the New York Penal Law, a misdemeanor, and as such respondent was not automatically disbarred on the date of her felony conviction. However, the crime respondent was convicted of is a "serious crime" as that term is defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) in view of the fact that a necessary element of that crime involves misrepresentation, fraud and deceit.

Accordingly, respondent's interim suspension should continue pending a hearing at which respondent is directed to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or removal should not occur.

MURPHY, P. J., KUPFERMAN, ROSS, KASSAL and ELLERIN, JJ., concur.

Clarification granted as indicated.