In the Matter of KUANG HSUNG JOSEPH CHUANG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 20, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Kuang Hsung Joseph Chuang was admitted to the practice of law in New York by the First Judicial Depart-

ment on July 8, 1976. He has, at all times relevant herein, maintained an office for the practice of law in the First Department. Respondent was convicted, after a jury trial, of several Federal charges, including misapplication of bank funds, in violation of 18 USC § 656, and making false statements, in violation of 18 USC § 1001.

The charges arose out of respondent's activities as chairman of the board of directors and chief executive officer of the Golden Pacific National Bank, which was declared insolvent and placed under receivership of the Federal Deposit Insurance Corporation in June 1985. Between May 1980 and June 1985, the Golden Pacific National Bank had sold approximately $200,000,000 in certain nonnegotiable certificates of deposit. A portion of the proceeds from these certificates were diverted from accounts which were controlled by respondent to finance various investment projects controlled by respondent and others, including members of his family.

On June 1, 1989, respondent was sentenced to concurrent terms of five years' imprisonment on each count and ordered to make restitution under a complex settlement agreement. Petitioner seeks to have respondent's name stricken from the roll of attorneys on the ground that he was automatically disbarred upon conviction of a felony offense under Judiciary Law § 90 (4). No response to the petition has been filed by respondent.

A conviction of a Federal felony only triggers automatic disbarment under Judiciary Law § 90 (4) (a) if the offense constitutes a felony under New York law (Judiciary Law § 90 [4] [e]). This court has held that a violation of 18 USC § 1001 is analogous to the felony offense of filing a false instrument in the first degree under New York Penal Law § 175.35 (*Matter of Smith,* 114 AD2d 298, 300 [1st Dept 1986]; *Matter of Silverblatt,* 113 AD2d 1, 2 [1st Dept 1985]; *Matter of Beitler,* 82 AD2d 276, 277 [1st Dept 1981]). Respondent therefore ceased to be an attorney upon his conviction of a Federal felony offense which also constitutes a felony under New York law. Accordingly, petitioner's motion should be granted and respondent's name removed from the roll of attorneys and counselors-at-law, forthwith.

KUPFERMAN, J. P., CARRO, ASCH, KASSAL and ROSENBERGER, JJ.

Respondent's name is struck from the roll of attorneys and counselors-at-law in the State of New York, forthwith.