■ In the Matter of VICTOR H. SPARROW, III, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted to practice in this department in 1973. At the time of his admission, he was a resident of Broome County. However, it appears that in recent years he has resided in Washington, D.C. and in California.

By the instant motion, petitioner moves to strike respondent's name from the roll of attorneys by reason of his conviction of a felony (Judiciary Law § 90 [4] [a]).

It appears from the moving papers that in 1983 respondent

was tried and convicted in the United States District Court for the Southern District of California of several crimes, including making false statements in violation of 18 USC § 1001, subornation of perjury in violation of 18 USC § 1621 (1) and § 1622, and theft of Government property in violation of 18 USC § 641. These crimes arose out of respondent's participation in a fraudulent immigration scheme wherein United States citizens would be hired to participate in sham marriage ceremonies with Philippine aliens who, with respondent's assistance, would thereafter attempt to illegally change their immigration status. In furtherance of this scheme, respondent, *inter alia,* filed false immigration visa petitions with the Immigration and Naturalization Service (INS), knowingly possessed a stolen INS operations manual, and engaged in a conspiracy with others to commit related crimes. Respondent was sentenced to a prison term of two years.

Respondent's conviction for making a false statement under 18 USC § 1001 is cognizable as a felony under New York law for purposes of the automatic disbarment statute *(Matter of Chu,* 42 NY2d 490, 494; *Matter of Silverblatt,* 113 AD2d 1; *Matter of Cahn,* 87 AD2d 1014). Accordingly, respondent ceased to be an attorney upon his conviction of this crime and petitioner's instant application, upon which respondent has not appeared, should therefore be granted. In addition, we note that respondent's failure to report his conviction to this court also constituted misconduct (Judiciary Law § 90 [4] [c]) which, under the circumstances, is serious.

Motion granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately. Order entered. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.