In the Matter of MARIO L. BEJASA, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 9, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jeanne C. O'Rourke* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mario L. Bejasa, Jr. was admitted to the practice of law in New York by the Appellate Division, Second Judicial Department, on February 9, 1983. At all times rele-

vant herein, respondent maintained an office for the practice of law within the first Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking the respondent's name from the role of attorneys, pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred, because of his conviction of a Federal felony which, if committed within New York, would constitute a felony. Specifically, on December 18, 1989, in the United States District Court for the Southern District of New York, a jury found respondent guilty of two counts of making false statements, in violation of 18 USC § 1001; one count of conspiracy to defraud, in violation of 18 USC § 371; and two counts of obstruction of justice, in violation of 18 USC § 1505. Respondent was sentenced to three years' probation on all five counts, each to run concurrently. Respondent was also ordered to complete 100 hours of community service and to pay a $10,000 fine and a $250 assessment. The charges arose from respondent's employment with an attorney who was subsequently convicted and deported on charges involving illegal immigration activities. While in this attorney's employ, respondent made false statements on official Immigration and Naturalization documents.

Petitioner asserts that the Federal offense of making a false statement, if committed within New York, would constitute a violation of New York Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony. Thus, petitioner contends that the Federal and State statutes at issue are "essentially similar" for purposes of automatic disbarment pursuant to Judiciary Law § 90 (4) (a).

Respondent denies that the Federal conviction is analogous to a conviction of New York Penal Law § 175.35. Rather, respondent contends that his Federal felony is analogous to New York Penal Law § 175.30, offering a false instrument for filing in the second degree, a class A misdemeanor, because he lacked the intent to defraud. A conviction pursuant to New York Penal Law § 175.30 would not provide the basis for automatic disbarment. Accordingly, respondent cross-moves to convert the petition into a "serious crime" proceeding and refer the matter for a hearing pursuant to Judiciary Law § 90 (4) (h).

It is well settled that a conviction under 18 USC § 1001 is a proper predicate for automatic disbarment, because it is "essentially similar" to New York Penal Law §175.35, a class E

felony. *(See, Matter of Smith,* 114 AD2d 298, 300 [1st Dept 1986]; *Matter of Silverblatt,* 113 AD2d 1 [1st Dept 1985]; *Matter of Beitler,* 82 AD2d 276, 277 [1st Dept 1981].) Therefore, respondent herein was automatically disbarred on the date of his conviction.

Respondent's reliance upon *Matter of Perlmutter* (141 AD2d 253 [1st Dept 1988]) is misplaced. In *Matter of Perlmutter (supra)* a distinction was drawn between a conviction under 18 USC § 1001 for failure to reveal a material fact and a conviction under that statute for false written statements. The latter conviction, as in the case at bar, would be analogous to New York Penal Law § 175.05 (4), a misdemeanor. *(Matter of Perlmutter, supra,* at 256-258.)

Accordingly, the petition to strike the respondent from the roll of attorneys is granted and the cross motion for a hearing pursuant to Judiciary Law § 90 (4) (h) is denied.

CARRO, J. P., ASCH, KASSAL, SMITH and RUBIN, JJ., concur.

Petition granted, the Hearing Panel findings of fact and conclusions of law are confirmed, and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective April 9, 1991; cross motion for a hearing pursuant to Judiciary Law § 90 (4) (h) denied.