In the Matter of MICHAEL EDWARD ZADAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 16, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Michael Edward Zadan,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

On May 13, 1991, the respondent was convicted, upon his

guilty plea, in the United States District Court for the Southern District of California, of submission of a false document in violation of 18 USC § 1001, a felony.

We have previously held that 18 USC § 1001 is essentially similar to New York Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony. (*Matter of Krup*, 136 AD2d 351; *Matter of Mydanick*, 78 AD2d 339, *lv denied* 53 NY2d 604).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted and the respondent's request for a hearing is denied. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and EIBER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Michael Edward Zadan, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Michael Edward Zadan is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.