In the Matter of STUART CHARLES LEVITAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Stuart Charles Levitas, was admitted to the practice of law in New York State by the Second Judicial Department on March 5, 1975. At all times relevant to this

proceeding, he has maintained an office for the practice of law within the First Judicial Department.

By notice of petition dated January 3, 1992, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been automatically disbarred as a result of a Federal felony conviction for acts which would also constitute the commission of a felony under the Penal Law of New York State.

The Federal charges against respondent stemmed from his having engaged, during the period June 1983 through August 1987, in acts designed to defraud the United States and the United States Department of Justice, Immigration and Naturalization Service, by using sham marriages to effect changes in the immigration status of certain aliens. Following a jury trial, respondent was found guilty in or about September 1989, in the United States District Court for the Southern District of New York, of conspiracy to defraud in violation of 18 USC § 371; making false statements (three counts), in violation of 18 USC § 1001; and obstruction of proceedings (three counts), in violation of 18 USC § 1505.

Respondent was sentenced, on or about February 1, 1990, to a term of 18 months' imprisonment, the execution of which was suspended to the extent that it exceeded four months of "community confinement". Thereafter, respondent was placed on probation for three years, with the special condition that he participate in a program of community service.

The instant petition alleges that the conduct comprising the offense of making a false statement, in violation of 18 USC § 1001, would, if prosecuted under the laws of New York State, constitute a violation of Penal Law § 175.35, offering a false instrument for filing in the first degree. Respondent was served with the notice of petition by mail on January 3, 1992, and has failed to interpose a response to date.

Upon respondent's conviction for making false statements, 18 USC § 1001, a Federal felony which has repeatedly been held to be "essentially similar" to Penal Law § 175.35 (see, e.g., Matter of Bejasa, 165 AD2d 397; Matter of Smith, 117 AD2d 298; Matter of Silverblatt, 113 AD2d 1), automatic disbarment was activated (Matter of Margiotta, 50 NY2d 147, 149). Accordingly, the petition is granted, the respondent having been automatically disbarred, and his name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

MILONAS, J. P., ELLERIN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent's name is struck from the roll of attorneys and counselors-at-law in the State of New York forthwith.