In the Matter of INGRID D. WILLIAMS (Admitted as INGRID DENYSE WILLIAMS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1992

### APPEARANCES OF COUNSEL

*Andrew G. Maloney* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ingrid D. Williams was admitted to the practice

of law in New York under the name of Ingrid Denyse Williams by the Appellate Division, Second Judicial Department, on September 13, 1978. At all times relevant herein respondent had maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law based upon her willful failure to cooperate with the DDC in its investigation of alleged professional misconduct.

On November 1, 1990, petitioner received a complaint against respondent which alleged that she had been entrusted with the proceeds of a decedent's estate and had absconded to California with said funds without the knowledge or prior consent of the conservators, executors, or heirs of the estate. It was further alleged that respondent failed to offer the will for probate and to render an accounting.

By letter dated November 29, 1990, petitioner forwarded a copy of the complaint to respondent and requested an answer by December 18, 1990, as required by 22 NYCRR 605.6 (d) (2). Respondent neither answered the complaint nor contacted petitioner for any purpose regarding this matter.

By certified letter dated January 7, 1991, a second request was made for a response. Respondent was advised that the failure to respond would result in the instant application. The return receipt for this letter was signed by L. Lawrence, as an agent for respondent. Again, no response was forthcoming.

By letter dated July 12, 1991, petitioner again requested that respondent submit an answer within 10 days. No response was received.

On January 23, 1992, petitioner served the instant Notice of Motion To Suspend For Non-Cooperation and Affirmation upon the respondent by mail at her Los Angeles, California, address. Respondent has not submitted a response to the motion.

In light of the serious allegation of professional misconduct, respondent's failure to respond or cooperate with the DDC investigation, respondent's failure to respond to this motion, and it appearing that respondent has left this jurisdiction and relocated in California, immediate intervention by this court is warranted for the protection of the public. Under such circumstances, an interim suspension pursuant to 22 NYCRR

603.4 (e) (1) is authorized *(see also, Matter of Linn,* 129 AD2d 219 [1987]; *Matter of Gordon,* 142 AD2d 135 [1988]).

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent is suspended from the practice of law forthwith and until such time as the disciplinary matters before the DDC have been concluded and until further order of this court. Respondent is further directed to cooperate with petitioner's investigation without further delay *(Matter of Gordon, supra,* at 137).

MILONAS, J. P., ROSENBERGER, KUPFERMAN, ROSS and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this court.