In the Matter of BENJAMIN G. SPRECHER (Admitted as BENJA-MIN GEDAL SPRECHER), an Attorney, Respondent. DEPART-MENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 30, 1992

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Benjamin G. Sprecher,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Benjamin G. Sprecher, was admitted to the practice of law in New York by the Second Judicial Depart-

ment on March 14, 1979 under the name Benjamin Gedal Sprecher. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On September 10, 1991, an indictment was filed in the United States District Court for the Southern District of New York charging respondent with conspiracy to commit an offense against the United States, in violation of 18 USC § 371 (counts 1 and 3); submitting false statements to a government agency, in violation of 18 USC § 1001 (counts 2, and 4-8); perjury, in violation of 18 USC § 1621 (count 9); obstruction of proceedings, in violation of 18 USC § 1505 (count 10); influencing an officer in violation of 18 USC § 1503 (count 11); and making false declarations before court, in violation of 18 USC § 1623 (count 12).

On January 16, 1992, respondent was found guilty after a nonjury trial of all counts except counts 8 and 12.

Respondent's conviction arose out of events which took place from 1983 to 1989 when respondent, an attorney with a securities law practice, *inter alia,* facilitated both the evasion of Federal taxes and the wrongful taking of moneys that had been set aside for the payment of Federal taxes by falsely and fraudulently causing the IRS to be notified that a purportedly tax-exempt corporation was the recipient of the profits from the sale of certain shares of stock.

By petition dated April 29, 1992, the Departmental Disciplinary Committee is seeking an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been disbarred upon the conviction of a felony as defined by Judiciary Law § 90 (4) (e). The Committee asserts that respondent's conviction is a proper predicate for this application because respondent's conduct which resulted in his conviction of making a false statement, in violation of 18 USC § 1001, would, if committed within New York, constitute a violation of section 175.35 of the New York Penal Law, filing of a false instrument in the first degree, a class E felony. The Committee states that this court has held on numerous occasions that these two offenses are "essentially similar". Thus, the Committee concludes that a Federal conviction under 18 USC § 1001 is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a).

Respondent requests that this court hold, in abeyance, any

decision on the Committee's application until a decision is rendered by the Second Circuit Court of Appeals on his appeal which was to be filed.

This court has previously held that a conviction under 18 USC § 1001 is a proper predicate for automatic disbarment because it is "essentially similar" to section 175.35 of the New York Penal Law, filing a false instrument in the first degree, a class E felony (see, Matter of Bejasa, 165 AD2d 397; Matter of Smith, 114 AD2d 298; Matter of Silverblatt, 113 AD2d 1). Therefore, respondent was automatically disbarred on the date of his conviction. In the event respondent's conviction is reversed on appeal, Judiciary Law § 90 (5) (a) provides relief by permitting a petition to this court for a vacating of his disbarment.

Accordingly, the petition to strike the respondent from the roll of attorneys is granted and his name is stricken, effective immediately.

SULLIVAN, J. P., WALLACH, ASCH, KASSAL and RUBIN, JJ., concur.

Petition granted and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective July 30, 1992.