(March 9, 1993)

■ In the Matter of JOSEPH V. ZUMBO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [594 NYS2d 833] —Per Curiam. Respondent was admitted to practice by this Court in 1973 and maintained an office for the practice of law in Albany.

On November 5, 1992, respondent pleaded guilty to count 3 of a twelve-count superseding indictment filed on April 22, 1992, in the United States District Court for the Northern District of New York. Count 3 charged that respondent, in violation of 18 USC § 1001, on or about January 18, 1991, submitted to agents of the Internal Revenue Service and the Federal Bureau of Investigation a photocopy of a promissory note in the amount of $30,000 containing a false entry date of July 7, 1986, which was signed by respondent and payable to one Greg Crozier. Count 3 further charged that respondent knew the entry date was false. Respondent was recently

sentenced in Federal court for his crime to one year of probation and ordered to pay a $5,000 fine.

Petitioner moves to strike respondent's name from the roll of attorneys on the ground that he was automatically disbarred pursuant to Judiciary Law § 90 (4) (a) when he pleaded guilty to a violation of 18 USC § 1001, a Federal felony. Respondent opposes the motion and cross-moves to convert this matter to a serious crime proceeding pursuant to Judiciary Law § 90 (4) (d), (f).

An attorney convicted of a Federal felony essentially similar to an offense classified as a felony under New York State law is automatically disbarred (Judiciary Law § 90 [4] [a]; *see, Matter of Johnston,* 75 NY2d 403). Petitioner contends that respondent's conviction is essentially similar to an offense under New York's Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony. We agree.

Precedent cogently and decisively supports the view that 18 USC § 1001 and Penal Law § 175.35 are analogous for attorney disciplinary purposes. The First Department has so held repeatedly *(see, Matter of Sprecher,* 181 AD2d 347; *Matter of Levitas,* 178 AD2d 87; *Matter of Bejasa,* 165 AD2d 397; *Matter of Smith,* 114 AD2d 298; *Matter of Silverblatt,* 113 AD2d 1). The Second and Fourth Departments appear in accord *(see, Matter of Zwerling,* 184 AD2d 183; *Matter of Knoll,* 181 AD2d 136; *Matter of Zadan,* 174 AD2d 65). This Court has also so held *(see, Matter of Sparrow,* 161 AD2d 829).

Respondent cites two First Department decisions, *Matter of Perlmutter* (141 AD2d 253) and *Matter of Konigsberg* (183 AD2d 335), as contrary precedent. We find both cases distinguishable. In *Matter of Bejasa (supra,* at 398-399) the First Department specifically rejected reliance on *Perlmutter* to argue that a conviction under the second or third clauses of 18 USC § 1001 (like respondent's conviction) was not analogous to a conviction under Penal Law § 175.35. *Konigsberg* involved an oral misrepresentation as opposed to respondent's written falsehood. We also find unpersuasive respondent's argument that only a conviction under 18 USC § 1001 for an offense connected with some independent crime may be deemed analogous to an offense under Penal Law § 175.35. The core of the offense under both statutes is the willful filing in a governmental office of a false statement knowing it to be false *(Matter of Chu,* 42 NY2d 490, 494).

Accordingly, respondent ceased to be an attorney upon his conviction of a violation of 18 USC § 1001 and we grant

petitioner's motion to strike respondent's name from the roll of attorneys. Respondent's cross motion to convert this matter to a serious crime proceeding is denied.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Casey, JJ., concur. Ordered that, petitioner's motion to strike respondent's name from the roll of attorneys is granted, and respondent's cross motion is denied; and it is further ordered that, respondent, Joseph V. Zumbo, who was admitted as an attorney and counselor at law by this Court on February 20, 1973, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors at law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor at law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.