In the Matter of NARCISO SANTIAGO MARILAO (Admitted as NARCISO SANTIAGO MARILAO, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 11, 1993

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Narciso Santiago Marilao,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Narciso Santiago Marilao was admitted to the practice of law in New York by the Third Judicial Depart-

ment on July 23, 1985 under the name Narciso Santiago Marilao, Jr. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On April 30, 1991 respondent was found guilty, after trial, in the United States District Court for the Eastern District of Pennsylvania of one count of conspiracy to defraud the Immigration and Naturalization Service (INS), in violation of 18 USC § 371 and three counts of making false statements to the INS, in violation of 18 USC § 1001.

On April 24, 1992 respondent was sentenced to 16 months in prison, three years of probation upon his release, a fine of $10,000, and a special assessment of $200.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been disbarred automatically, as a result of his conviction of a Federal felony that would constitute a felony if committed within New York.

We note at the outset that a conviction of a felony under Federal law does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law. For such a determination, the Federal felony need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must be "essentially similar". (See, Matter of Margiotta, 60 NY2d 147, 149.)

Respondent stands convicted, inter alia, of three counts of making false statements, in violation of 18 USC § 1001, a Federal felony.

18 USC § 1001 provides as follows: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

New York Penal Law § 175.35 which is relied upon by the Committee as a predicate for automatic disbarment here, provides as follows:

"Offering a false instrument for filing in the first degree.

"A person is guilty of offering a false instrument for filing

in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant."

This Court has repeatedly held that a conviction under 18 USC § 1001 is a proper predicate for automatic disbarment because it is "essentially similar" to section 175.35 of the New York Penal Law, filing a false instrument in the first degree, a class E felony. *(See, Matter of Levitas,* 178 AD2d 87; *Matter of Bejasa,* 165 AD2d 397; *Matter of Silverblatt,* 113 AD2d 1.)

In *Matter of Perlmutter* (141 AD2d 253) cited by respondent, a conviction under 18 USC § 1001 was not deemed by this Court to be a proper predicate for automatic disbarment. However, the conviction was predicated upon a violation of the first clause of the Federal statute, i.e., failing to reveal a material fact. Ms. Perlmutter did not make a false statement or make or file a false *written* statement, which would have been a violation of the second or third clauses of 18 USC § 1001. Under those circumstances, this Court concluded that Perlmutter's conviction was more analogous to the misdemeanor crime of falsifying business records in the second degree pursuant to Penal Law § 175.05 (4).

Here, however, respondent was indicted and convicted of submitting false written documents and not simply failing to reveal a material fact. According to the indictment, in three instances respondent knowingly and willfully made and used false, fraudulent and fictitious statements and documents, and aided and abetted the making and use of false, fraudulent, and fictitious documents, within a matter of the United States Immigration and Naturalization Service by altering and using amnesty applications, INS Form I-687, knowing that they contained false statements as to material facts concerning the residence and date of last entry into the United States of the applicants.

Our prior cases, *Matter of Levitas (supra), Matter of Bejasa (supra)* and *Matter of Silverblatt (supra)* where 18 USC § 1001 was deemed to be a proper predicate for automatic disbarment, all also involved convictions based upon the making and/or filing of false *written* statements, as herein.

In addition, in *Matter of Silverblatt (supra,* at 2), we specifi-

cally rejected the argument raised by respondent here that 18 USC § 1001 does not require proof of intent to defraud while Penal Law § 175.35 does. Citing *Matter of Monte* (94 AD2d 275, 276) we noted: " 'By any definition of terms a person who willfully and knowingly engaged in the offering for filing of a false instrument intends to effect the filing of the instrument and thereby intends that the governmental agency with which the instrument is filed be deceived and thereby defrauded.' " Thus, intent to defraud has been implied by this Court to be an element of 18 USC § 1001.

Finally, the fact that respondent is appealing his Federal conviction is of no consequence, since respondent was automatically disbarred as of the date of his Federal felony conviction.

Accordingly, since it can be concluded that respondent's Federal felony conviction pursuant to 18 USC § 1001 is analogous to New York Penal Law § 175.35, a class E felony, respondent has been automatically disbarred pursuant to Judiciary Law § 90 (4) (a) and the motion by the Departmental Disciplinary Committee for an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted.

SULLIVAN, J. P., CARRO, WALLACH, ASCH and RUBIN, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, effective March 11, 1993.