[634 NYS2d 693]

In the Matter of INGRID D. WILLIAMS (Admitted as INGRID DE-NYSE WILLIAMS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 1995

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Ingrid D. Williams, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on September 13, 1978 under the name Ingrid Denyse Williams. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

By order entered June 16, 1992 (180 AD2d 374), this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) based upon her willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct. This conduct was unrelated to the conduct which resulted in her criminal conviction.

On or about May 18, 1992, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of making a false statement to a government agency in violation of 18 USC § 1001.

On July 16, 1993, respondent was sentenced. She was placed on probation for a term of three years with certain stipulated conditions. Respondent was allowed to move to California with supervision of her probation transferred to that State.

Respondent's conviction arose out of events which took place in January 1991 when she made a false statement to an agent of the FBI who was investigating a fraudulent loan application on which the applicant had falsely claimed to have been employed as an attorney by respondent at an annual salary of approximately $200,000. Respondent falsely stated to the FBI agent that the loan applicant had worked for her and had received substantial payments from her, when in fact, the applicant had never worked for respondent, never received any payments from respondent and was not an attorney.

Respondent failed to inform the Committee of her conviction. Nonetheless, the Committee learned of the conviction in August 1992 when the United States Probation Department informed it of the conviction in the course of its investigation.

After the service and filing of the automatic felony disbarment petition, this Court issued an order, dated April 26, 1994 (203 AD2d 197), again suspending respondent on an interim basis, but not automatically disbarring her. Instead, the Court deemed respondent's conviction a "serious crime" and referred the matter to the Committee for a hearing.

Thereafter, staff counsel wrote numerous letters to respondent to inform her of the "serious crime" hearing, which went unanswered. The Committee also requested assistance from

respondent's probation officer. However, no response was received from respondent until, on the eve of the hearing, respondent contacted staff counsel by letter dated August 23, 1994. The letter gave no indication of whether respondent intended to participate in the proceeding. Respondent stated that she was unaware of the Committee's petition and speculated that if the proof of service indicated any date after the January 1994 earthquake, then it could not prove personal service since she had not returned to her home since leaving on January 18, 1994.

After receipt of the August 23rd letter, staff counsel again wrote to respondent and asked whether she intended to participate in the "serous crime" hearing either by appearing in person or by written submission. No response was received to these letters. Nonetheless, confirmation was received that respondent was aware of the proceeding when her probation officer informed staff that he had informed respondent of the proceeding.

On December 8, 1994, a hearing was held before a Hearing Panel in respondent's absence. After reviewing staff's efforts to serve respondent with notice of the proceedings, the Hearing Panel concluded that respondent knew of the proceedings and failed to attend. The only issue for the Panel to consider was the appropriate sanction to recommend. The Hearing Panel recommended disbarment based upon respondent's prior suspension, her guilty plea to a serious crime and her failure to participate in the proceedings.

By motion dated June 26, 1995, the Departmental Disciplinary Committee is now seeking an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment.

Respondent was served with a copy of the Committee's motion by mail on June 27, 1995 at her California address. To date, no response has been interposed.

Respondent stands convicted of making a false statement to a government agency, in violation of 18 USC § 1001, a Federal felony. Respondent has failed to offer any evidence in mitigation of her misconduct, and aggravating factors include the fact that she has failed to appear and cooperate in this proceeding, as well as in an initial and presently unresolved matter, which was being investigated by the Committee and resulted in her suspension from the practice of law in June 1992 for noncooperation.

In this Department, attorneys convicted of submitting false *written* documents to government agencies, in violation of 18

USC § 1001, are usually automatically disbarred (*see, Matter of Marilao*, 188 AD2d 146; *Matter of Levitas*, 178 AD2d 87). However, in the case at bar, a false *oral* statement was made, and while not sufficient to warrant automatic disbarment, respondent's conduct, nevertheless, warrants such severe sanction since she aided a friend in taking under false pretenses, approximately $335,000, and then lied to an FBI agent to cover up the fraud (*see, e.g., Matter of Kim*, 209 AD2d 127; *Matter of Cooper*, 196 AD2d 137).

Therefore, in view of the serious nature of respondent's misconduct, her failure to appear in this proceeding or offer any evidence in mitigation and her prior failure to cooperate with the Disciplinary Committee in its 1992 investigation into allegations that she converted estate funds, we find that disbarment is warranted.

Accordingly, the Disciplinary Committee's motion is granted, the Hearing Panel's report confirmed, and the sanction of disbarment imposed with respondent's name to be stricken from the roll of attorneys forthwith.

SULLIVAN, J. P., ROSENBERGER, KUPFERMAN, ROSS and NARDELLI, JJ., concur.

Petition granted, Hearing Panel's report and recommendation confirmed, and respondent disbarred as an attorney and counselor-at-law in the State of New York and her name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 12, 1995.