[846 NYS2d 101]

In the Matter of ARTHUR L. SCHWARTZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Clayman & Rosenberg* (*Ellen Yaroshefsky* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Arthur L. Schwartz was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1966. At all times relevant to this proceeding, respondent maintained his principal place of business at Parsons & Whittemore, Inc. (P & W), a privately-owned company located in Rye Brook, New York.

On January 4, 2006, respondent pleaded guilty in the United States District Court, District of Connecticut, at Bridgeport, to an information charging him with two counts of making false statements in violation of 18 USC § 1001. During a 1996 audit of P & W, respondent provided an agent of the Internal Revenue Service what were purported to be copies of his 1992 and 1993 federal individual income tax returns; however, the copies reflected dividend and capital gain income that had not been reported on the returns filed with the agency. In a 1999 audit of P & W, respondent represented to an agent, on more than one occasion, that tax returns for the company's chief executive officer for the tax years 1996 through 1999 had been filed when, in fact, respondent knew they had not been filed.

On April 25, 2006, respondent was sentenced to a term of 24 months' probation and was ordered to pay a fine of $5,000 and an assessment of $200. He failed to timely inform the Disciplinary Committee of his conviction as required by Judiciary Law § 90 (4) (b) and 22 NYCRR 603.12 (f).

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a) on the ground that he was automatically disbarred as a result of his conviction of a federal felony that is cognizable as a felony under New York law. In the alternative, the Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and immediately suspending respondent from the practice of law and directing him to show cause before the Committee why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [f], [g]). By cross motion, respondent seeks permission to resign from the bar of the State of New York.

Respondent's conviction of falsifying, concealing and covering up a material fact within the jurisdiction of the Internal Revenue Service in violation of 18 USC § 1001 is analogous to a conviction of the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35) and is a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (e) (*see Matter of Stewart*, 42 AD3d 59 [2007]; *Matter of Fier*, 276 AD2d 17 [2000]). These two offenses are "essentially similar" for purposes of automatic disbarment (*see e.g. Matter of Walker*, 257 AD2d 315 [1999]; *Matter of Sprecher*, 181 AD2d 347 [1992]).

Respondent's contention that his misconduct constitutes merely a "serious crime" that should not result in automatic disbarment and that his resignation should be accepted to expeditiously conclude this matter is without merit. His reliance on *Matter of Perlmutter* (141 AD2d 253 [1988]) in support of his position is misplaced. There, this Court simply drew a distinction between a conviction under 18 USC § 1001 for failure to reveal a material fact and conviction for making a false statement or filing a false written statement (*see Matter of Bejasa*, 165 AD2d 397, 399 [1991]). Conviction for submitting a false written document to the IRS (*Matter of Marilao*, 188 AD2d 146, 148 [1993], *appeal dismissed* 82 NY2d 747 [1993]) or making a false statement to the agency is a felony under New York law (Penal Law § 175.35) warranting automatic disbarment (*Matter of Silverblatt*, 113 AD2d 1, 2 [1985]).

Accordingly, respondent's conviction of a federal felony pursuant to 18 USC § 1001 is analogous to offering a false instrument for filing in the first degree, and respondent has been automatically disbarred pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion should be granted to the extent of granting the Committee's petition, denying respondent's cross motion and striking respondent's name from the roll of attorneys and counselors-at-law, effective nunc pro tunc to January 4, 2006.

TOM, J.P., MAZZARELLI, FRIEDMAN, SULLIVAN and NARDELLI, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 4, 2006. Cross motion to resign as an attorney and counselor-at-law denied. ·