■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER J. HOPE, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered May 8, 1978, upon a verdict convicting defendant of the crime of obstruction of governmental administration. Defendant was indicted in a two-count indictment charging assault in the second degree and obstruction of governmental administration. The charges arose out of a scuffle between the defendant and a Deputy Sheriff while defendant was serving a sentence at the Columbia County Jail for possession of marihuana. The jury acquitted defendant of the charge of assault in the second degree and the lesser included offenses of attempted assault in the second degree, assault in the third degree and menacing, but found him guilty of obstruction of governmental administration. Defendant contends, first, that his acquittal on the assault charge and its lesser included offenses mandate his acquittal on the obstruction charge. He argues that the obstruction charge requires that physical force be directed against a public servant; and since there was no physical injury to the deputy, the requisite physical force did not exist so as to convict him under the obstruction charge. We disagree. A person is guilty of obstructing governmental administration "when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law, § 195.05). The statute plainly does not require the infliction of physical injury; it merely contemplates that there be "*physical interference*" *(People v Case,* 42 NY2d 98, 101). The record establishes that defendant refused to obey the command of the deputy when ordered to his cell and that he knocked the deputy's glasses off his face,

grabbed him around his neck and backed him against a wall. Thus, it is clear that defendant intentionally attempted to prevent the deputy from performing an official function by means of physical interference. Defendant also contends that reversible error was committed when the trial court twice denied his motions for a mistrial made because he was handcuffed throughout the trial. Within an hour after commencing their deliberations, the jury inquired of the trial court as to "why the defendant appeared in court handcuffed?" The court replied, "I can't tell you" but admonished the jury that the defendant's appearances in handcuffs "just cannot concern you and should in no way enter into your consideration of the facts on the basis of which you will report your verdict." The only explanation contained in the record for permitting the defendant to be handcuffed was that the trial court had some "reports" by "people having special qualifications in another professional discipline" from which it deemed it advisable that the defendant remain handcuffed. The contents of these two reports were not made known to defense counsel or included anywhere in the record. The trial court should have taken testimony or stated for the record, outside the jury's presence, its reasons for taking unusual visible security measures before a jury *(People v Mendola,* 2 NY2d 270, 277). This error may be cured by a posttrial hearing wherein the contents of the reports upon which the trial court based its rulings may become known. In this way, it can be determined whether there has been an abuse of discretion *(People v Mendola, supra,* pp 276, 277; *People v Reingold,* 44 AD2d 191, 197; *People v Williams,* 36 AD2d 1018). The matter must be remitted to the trial court for a hearing as to the necessity of handcuffing defendant during the trial. Decision withheld, and matter remitted to the Columbia County Court for proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.