In the Matter of HERMENA PERLMUTTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 1987

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Herbert C. Kantor* and *Steven W. Wolfe* of counsel *(Kantor, Davidoff, Wolfe, Rabbino & Kass, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for

the First Department, seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been disbarred based upon a felony conviction.

The respondent was admitted to practice as an attorney in New York State by the Appellate Division, First Department, on December 3, 1956 and maintains an office for the practice of law within the First Department.

On May 5, 1987, the respondent was convicted, after trial, of a violation of 18 USC § 1001, a felony, and 31 USC § 5311 *et seq.*, a misdemeanor, for knowingly causing a domestic financial institution to fail to file a currency transaction report in connection with the payment, receipt and transfer of United States currency in excess of $10,000. For her client, the respondent purchased two tellers' checks, one in the amount of $7,000 and the other in the amount of $5,000, with currency provided by a client, from a savings bank in New York, knowing they were part of the same transaction, and, therefore, in excess of $10,000.

The respondent was sentenced to a term of probation of three years.

Petitioner, Departmental Disciplinary Committee, contends that if this criminal offense was committed within this State, it would constitute the felony of falsifying business records in the first degree. (Penal Law § 175.10.)

The respondent, in a cross motion, contends that she made no false written statement, as required by Penal Law article 175, and that the closest analogue is Penal Law § 195.05 (obstructing governmental administration), a misdemeanor. She further asks that the matter be referred for a hearing, pursuant to Judiciary Law § 90 (4) (h).

The crimes for which the respondent was convicted are at least serious crimes, as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (f) concerns the suspension of a person who has been convicted of a serious crime, pending a final order of suspension, censure or removal. The respondent, being on probation, may not practice law during the term thereof (*see, Matter of Richter*, 93 AD2d 505, 506; *Matter of Lowell*, 88 AD2d 128, 129). Accordingly, respondent is suspended pending a hearing and final order of suspension or removal.

MURPHY, P. J., KUPFERMAN, ROSS, KASSAL and ELLERIN, JJ., concur.

Pending a hearing and final order of suspension or removal, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective July 2, 1987, and until the further order of this court.