[617 NYS2d 646]

In the Matter of HERMENA PERLMUTTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 1994

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Hermena Perlmutter was admitted to the prac-
tice of law in New York by the First Department on December
3, 1956 and was suspended on July 2, 1987 because of a
Federal felony conviction for a "serious crime". *(See, Matter of
Perlmutter,* 129 AD2d 171, 141 AD2d 253.)

The crime was evading the Federal currency transaction
reporting requirement and the respondent was sentenced to a
term of probation of three years expiring May 8, 1990 (unless
shortened or sooner terminated). *(See, Matter of Perlmutter,*
150 AD2d 121.)

By order of this Court entered October 15, 1992, respondent
was reinstated as an attorney and counselor-at-law. *(See,
Matter of Perlmutter,* 186 AD2d 434.)

Thereafter, on or about October 27, 1993, a complaint was
filed with the Departmental Disciplinary Committee against
respondent, alleging that she held herself out as a member of
the Bar during the suspension period and received $10,000 for
legal representation.

Counsel for the Departmental Disciplinary Committee
sought an explanation from respondent and despite many
telephone messages and certified mail notices with repeated
deadlines, respondent has failed to appear or to answer or in
any way to cooperate with the Departmental Disciplinary
Committee.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of
charges by the Departmental Disciplinary Committee of pro-
fessional misconduct, or who is the subject of a disciplinary
proceeding pending in this court against whom a petition has
been filed pursuant to this section, or upon whom a notice has
been served pursuant to section 603.3 (b) of this Part, may be
suspended from the practice of law, pending consideration of
the charges against the attorney, upon a finding that the
attorney is guilty of professional misconduct immediately
threatening the public interest. Such a finding shall be based
upon:

"(i) the attorney's default in responding to the petition or
notice, or the attorney's failure to submit a written answer to

pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding".

Accordingly, the Committee's motion pursuant to said rule should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary matter, pending before the Committee, has been concluded and until further order of this Court *(Matter of Valdes,* 160 AD2d 31).

MURPHY, P. J., ELLERIN, KUPFERMAN, ROSS and WILLIAMS, JJ., concur.

Application granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court, as indicated.