■ In the Matter of DAVAN L., a Person Alleged to be a Juvenile Delinquent, Appellant. [650 NYS2d 993] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), entered April 27, 1995, which, upon a fact-finding order of the same court, dated March 27, 1995, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated March 27, 1995.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, the proceeding is dismissed, and the matter is remitted to the Family Court, Queens County, for the purpose of entering an order pursuant to Family Court Act § 375.1.

The presentment agency failed to establish that the appellant "physically" interfered with the police officers' planned "buy and bust" operation. It is well established that purely *verbal* interference with governmental administration does not, without more, satisfy the requirements of Penal Law § 195.05 *(see, e.g., People v Case,* 42 NY2d 98; *People v Lopez,* 97 Misc 2d 124; *People v Ketter,* 76 Misc 2d 698; *People v Longo,* 71 Misc 2d 385; *cf., Matter of Carlos G.,* 215 AD2d 165; *People v Hope,* 67 AD2d 754; *People v Ravizee,* 146 Misc 2d 679). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.