[676 NYS2d 97]

In the Matter of HERMENA PERLMUTTER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1998

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Hermena Perlmutter, was admitted to the practice of law in the State of New York by the First Judicial Department on December 3, 1956. At all times relevant to this

proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court. The Committee's motion is based upon respondent's lack of cooperation with the Committee's investigation into a complaint received on January 13, 1998, which alleges, *inter alia*, that respondent mishandled the complainant's criminal matter and misinformed her about the proceedings. The Committee sent this complaint to respondent requesting an answer and also advised her of her failure to duly register as an attorney with the Office of Court Administration. When respondent failed to respond, the Committee sent her another letter dated February 10, 1998, advising her that her continued failure to cooperate would result in the instant motion. Again, respondent failed to respond. Finally, on March 17, 1998, the Committee served a subpoena on respondent requiring her appearance on March 30, 1998. Respondent failed to appear on March 30, 1998 and has failed to respond in any fashion to the subpoena. The Committee's motion was served by mail on respondent on April 17, 1998. To date, respondent has not interposed a response to this motion.

Respondent's failure to answer the complaint and her failure to submit to a court-ordered subpoena is unacceptable and "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31.) Moreover, respondent has previously been suspended on two occasions. In 1987, as a result of respondent's conviction of a "serious crime", this Court imposed an interim suspension, which was subsequently made coextensive with her term of probation (*Matter of Perlmutter*, 150 AD2d 121). Respondent was ultimately suspended for 63½ months in that instance. In 1993, the Committee received a complaint against respondent alleging that she had held herself out as a member of the Bar during the aforementioned suspension period and had received payment for legal representation. In circumstances reminiscent of the current matter, respondent failed to answer that complaint or to respond to the Committee's investigation in any way, and an interim suspension was imposed pursuant to 22 NYCRR 603.4 (e) (1) (i) that resulted in a suspension of approximately six months (*Matter of Perlmutter*, 205 AD2d 96).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is suspended from the practice of law forthwith, and until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ROSENBERGER, J. P., ELLERIN, WALLACH, WILLIAMS and MAZZARELLI, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York forthwith, and until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.