In the Matter of TEODORO MONTE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

**APPEARANCES OF COUNSEL**

*Susan Brotman* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Teodoro Monte,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to the Bar by the Appellate Division, First Department, on August 23, 1979. During all of the periods relevant to this proceeding he maintained an office in this department. On November 24, 1982 he was convicted in the United States District Court for the Eastern District of New York, after a jury trial, of violating sections 1546 and 2 of title 18 of the United States Code. On January 3, 1983 he was sentenced to a five-year term of imprisonment of which he was to serve three months. The remainder of the term was suspended and respondent was placed on probation for a period of two years. The Departmental Disciplinary Committee now moves to strike his name from the roll of attorneys, under the provisions of

section 90 (subd 4, pars a, b, e) of the Judiciary Law asserting that the crime of which respondent was convicted "if committed within this state, would constitute a felony in this state".

The sole count on which respondent was convicted charged him, among others, with willfully and knowingly presenting to the United States Immigration and Naturalization Service certain documents required by law and the regulations adopted pursuant thereto which contained false statements of material facts, made under oath, knowing the statements to be false. Respondent asserts that the counterpart crime is offering a false instrument for filing in the first degree, a class E felony. Section 175.35 of the Penal Law defines that crime as the offering of a writing for filing with knowledge that it contains a "false statement or false information, and with *intent* to defraud the state or any political subdivision thereof * * * with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office" (emphasis supplied). Respondent contends that because section 175.35 uses the word intent, a word not used in section 1546, section 175.35 is not a counterpart statute; that his conviction is a conviction for a "serious crime" only and not for a crime which if committed in this State, would be a felony; and, accordingly, he is entitled to a hearing upon request by him (Judiciary Law, § 90, subd 4, par h).

The Penal Law defines the term intentionally as conduct, the conscious objective of which is to engage in particular conduct or to effect a given result (Penal Law, § 15.05, subd 1). Respondent concedes that the charge against him included "willfully and knowingly" presenting a certain document to the Immigration and Naturalization Service. By any definition of terms a person who willfully and knowingly engages in the offering for filing of a false instrument intends to effect the filing of the instrument and thereby intends that the governmental agency with which the instrument is filed be deceived and thereby defrauded. As a necessary corollary we find that respondent's endeavor to find a distinction between the terms "willfully and knowingly" and "intentionally" in the cir-

cumstances here indicated to be without substance. By consequence we hold that respondent was convicted in a Federal court, of a crime which, if committed in this State, would be a felony under the laws of this State. Accordingly, we direct that respondent's name be stricken from the roll of attorneys and counselors at law.

SULLIVAN, J. P., ROSS, BLOOM, FEIN and ALEXANDER, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.