In the Matter of HECTOR GALANG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1983

### APPEARANCES OF COUNSEL

*Susan Brotman* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Louis M. Klein* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice on May 11, 1977 in the Second Department and maintained an office for the practice of law in this department. On November 24, 1982 respondent was convicted in the United States District Court for the Eastern District of New York, on a jury verdict, of three counts which charged that he "willfully and knowingly did present and cause to be presented to the Immigration and Naturalization Service * * * [required documents] which * * * contained false statements of material facts made under oath * * * knowing said statements to be false," in violation of sections 1546 and 2 of title 18 of the United States Code. Respondent was sentenced to five years' imprisonment to serve three months, with the court suspending execution of the remainder of the sentence and placing respondent on two years' probation. An appeal is pending.

The crime of which respondent was convicted was a felony under the laws of the United States.

If the Federal crime of which respondent was convicted would be a felony in this State, disbarment is automatic upon conviction. (Judiciary Law, § 90, subd 4, par a). The Disciplinary Committee contends that the corresponding New York crime is section 175.35 of the Penal Law, offering a false instrument for filing in the first degree, a class E felony, which provides: "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant."

Respondent contends that the corresponding New York crime is offering a false instrument for filing in the second degree, a class A misdemeanor (Penal Law, § 175.30).

The elements of these two crimes are identical with the exception that section 175.30 of the Penal Law (the misdemeanor) does not require "intent to defraud the state or any political subdivision thereof". Hence respondent's argument that the three counts of which he was convicted do not allege that in committing the acts he was "attempting to defraud the government of the United States" and that "[a]bsent proof of intent to defraud, the lesser charge would have to prevail."

An argument similar to respondent's was rejected by the Court of Appeals in *Matter of Chu* (42 NY2d 490). The court noted the "very close, if not a precise, parallelism between the conduct proscribed by section 1001 [of title 18 of the United States Code, under which Chu was convicted] and that proscribed by section 175.35", and was unpersuaded "by respondent's contention that under section 175.35, to constitute the defined offense it must be proved that the defendant acted 'with intent to defraud the state or any political subdivision thereof', while such a specific intent has not been held to be an element of the Federal

crime * * * The core of the offense under both statutes is the willful filing in a governmental office of a false statement knowing it to be false. In the present case we hold that such matching suffices." (*Matter of Chu, supra,* at p 494.) Thus the Court of Appeals has "determined that conviction for filing a false statement, *knowing it to be false in any matter,* with a Federal department or agency in violation of section 1001 of title 18 of the United States Code, constitutes a felony in this State in violation of section 175.35 of the Penal Law" (emphasis in original). (*Matter of Mydanick,* 78 AD2d 339, 340-341, mot for lv to app den 53 NY2d 604.)

Similarly, "the core of the offense" here involved (a violation of US Code, tit 18, §§ 1546, 2) is the "willful filing in a governmental office of a false statement knowing it to be false." We hold that respondent's conviction under the Federal statutes would constitute a felony in this State. Accordingly, petitioner's motion is granted, and respondent's name is stricken from the roll of attorneys and counselors at law.

KUPFERMAN, J. P., SANDLER, CARRO, SILVERMAN and BLOOM, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.