■ The People of the State of New York, Respondent, v Stanley Gilchrist, Appellant. [637 NYS2d 1] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 5, 1993, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter for resentencing, and otherwise affirmed.

The New Jersey robbery statute under which defendant was previously convicted (NJ Stat Annot § 2C:15-1 [a] [2]) punishes the knowing use of force in the immediate flight from a theft, while the New York robbery statute (Penal Law § 160.00) punishes only the use of force with the intent to compel a person to give up his property or prevent resistance to the taking. As the People concede, since the New Jersey statute is broader and proscribes conduct that is not a felony in New York and it cannot be determined from the New Jersey indictment at what point in the robbery defendant utilized force (see, People v Muniz, 74 NY2d 464, 467-468), this foreign conviction should not have been considered as a predicate felony for the purpose of enhanced sentencing. Defendant's sentence is vacated and the case is remanded so that defendant may be resentenced as a first time felony offender. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.