[713 NYS2d 181]

In the Matter of LIBBY D. SALBERG (Admitted as LIBBY DOROTHY SALBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 26, 2000

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Libby D. Salberg, was admitted to practice law

in the State of New York by the Second Judicial Department on September 12, 1979, as Libby Dorothy Salberg. At all times relevant to the instant proceeding, she maintained an office for the practice of law within the First Judicial Department.

On January 24, 2000, respondent pleaded guilty to all three counts of an information charging her with conspiracy to commit immigration fraud, in violation of 18 USC § 371; immigration fraud, in violation of 18 USC § 1546; and conspiracy to obstruct justice, also in violation of 18 USC § 371. The charges in the information arose out of, *inter alia*, respondent's willful and knowing presentation to the Immigration and Naturalization Service of more than 25 visa applications that contained false statements of material facts.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that respondent has been disbarred upon her conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent does not oppose the application.

Inasmuch as the Federal charge of immigration fraud, in violation of 18 USC § 1546, is substantially similar to the New York felony of offering a false instrument for filing in the first degree under New York Penal Law § 175.35 (*see, Matter of Monte*, 94 AD2d 275; *see also, Matter of Galang*, 94 AD2d 280), the conviction subjects respondent to automatic disbarment (Judiciary Law § 90 [4] [a]).

Accordingly, since respondent ceased to be an attorney upon her felony conviction, the petition to strike her name from the roll of attorneys should be granted.

MAZZARELLI, J. P., LERNER, ANDRIAS, BUCKLEY and FRIEDMAN, JJ., concur.

Petition granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.