164

[868 NYS2d 276]

In the Matter of Leroy Evans (Admitted as Leroy Winston Evans), an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, November 25, 2008

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia P. Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was the Director of Foreign Students and the Designated School Official for Morris Brown College in Atlanta, Georgia. On November 26, 2003, he was convicted, upon a jury verdict, in the United States District Court for the Northern District of Georgia, Atlanta Division, of: (1) conspiracy to obtain fraudulent student visas and induce aliens to unlawfully reside in the United States, in violation of 18 USC §§ 371 and 1546 (a) and 8 USC § 1324 (a) (1) (A) (iv) and (B) (i) (count 1 of the indictment); (2) obtaining fraudulent student visas, in violation of 18 USC § 1546 (a) (counts 2-24, 26-37, 39-43, 45-50, 52 and 54 of the indictment); and (3) inducing aliens to unlawfully reside in the United States, in violation of 8 USC § 1324 (a) (1) (A) (iv) and (B) (i) (counts 58-80, 82-93, 95-99, 101-106, 108 and 110 of the indictment). On August 31, 2004, he was sentenced to a term of imprisonment of 34 months on each count, to run concurrently, followed by three years of supervised release. Further, he was directed to pay a special assessment fee in the sum of $9,700. By United States Department of Education decision dated April 17, 2006, the respondent was barred from initiating, conducting or otherwise participating in any activity in any federal agency.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

A person is guilty of having obtained fraudulent visas and induced aliens to unlawfully reside in the United States, in violation of 18 USC §§ 371 and 1546 (a) and 8 USC § 1324 (a) (1) (A) (iv) and (B) (i), federal felonies, when the person assists and aids aliens to possess, obtain, accept, and receive F-1 student visas from the U.S. Citizenship and Immigration

Services, knowing said F-1 visas to have been unlawfully obtained, procured by means of false claims and statements, and to have been otherwise procured by fraud.

A violation of 18 USC § 1546 is analogous in the State of New York to Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony (see Matter of Ramirez, 7 AD3d 52 [2004]; Matter of Salberg, 276 AD2d 19 [2000]; Matter of Monte, 94 AD2d 275 [1983]; Matter of Galang, 94 AD2d 280 [1983]).

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney and counselor-at-law upon his felony convictions.

By virtue of his federal felony convictions, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to now strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, without opposition, to reflect the respondent's disbarment as of August 31, 2004.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Leroy Evans, admitted as Leroy Winston Evans, is disbarred effective August 31, 2004, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Leroy Evans, admitted as Leroy Winston Evans, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leroy Evans, admitted as Leroy Winston Evans, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Leroy Evans, admitted as Leroy Winston Evans, has been issued a secure pass by the Office

of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).