[902 NYS2d 376]

In the Matter of RAGHUBIR K. GUPTA, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 8, 2010

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.
*Raghubir K. Gupta*, Brooklyn, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The respondent maintains a law office on Court Street in Brooklyn. On April 7, 2008, the respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, before the Honorable Deborah Batts, of immigration fraud in violation of 18 USC § 1546. On October 26, 2009, he was sentenced to a period of incarceration of 51 months. A fine in the sum of $10,000 and three years of postrelease supervision were imposed.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In *Matter of Evans* (58 AD3d 164 [2008]), this Court held that a violation of 18 USC § 1546 is analogous to Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony (*see Matter of Ramirez*, 7 AD3d 52 [2004]; *Matter of Salberg*, 276 AD2d 19 [2000]; *Matter of Monte*, 94 AD2d 275 [1983]; *Matter of Galang*, 94 AD2d 280 [1983]; *but see Matter of Garcia*, 52 AD3d 1017 [2008]).

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to now strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted, to reflect the respondent's disbarment as of October 26, 2009.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Raghubir K. Gupta, is disbarred, effective October 26, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Raghubir K. Gupta, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Raghubir K. Gupta, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Raghubir K. Gupta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).