[923 NYS2d 658]

In the Matter of THOMAS W. ARCHER (Admitted as THOMAS WESLEY ARCHER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 24, 2011

APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Michele Filosa* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On March 24, 2010, in the United States District Court for the Eastern District of New York, the respondent was convicted, upon a jury verdict, of one count of conspiracy to commit visa fraud, in violation of 18 USC § 371, and three counts of visa fraud in violation of 18 USC § 1546, emanating from his participation in a scheme to file immigration documents which contained false statements of material facts and which failed to contain any reasonable basis in law or fact.

On October 20, 2010, the respondent was sentenced in the United States District Court for the Eastern District of New York (Sterling, J.) to a term of imprisonment of 60 months, and he was directed to pay restitution, jointly and severally, in the amount of $309,500 at a rate of $25 per month while incarcerated, and $50 per month as a condition of supervised release.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The elements of immigration fraud in violation of 18 USC § 1546 have been found to be "essentially similar" to the elements of the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Collazo*, 81 AD3d 220 [2011]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has taken no position with respect to the Grievance Committee's motion. Accordingly, the motion to

strike the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) is granted to reflect the respondent's disbarment as of March 24, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Thomas W. Archer, admitted as Thomas Wesley Archer, is disbarred, effective March 24, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Thomas W. Archer, admitted as Thomas Wesley Archer, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Thomas W. Archer, admitted as Thomas Wesley Archer, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas W. Archer, admitted as Thomas Wesley Archer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).