[960 NYS2d 1]

## In the Matter of TUNG H. LAM, an Attorney, Respondent.

First Department, January 10, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Tung H. Lam*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Tung H. Lam was admitted to the practice of law in the State of New York by the Second Judicial Department on January 27, 1999. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On November 22, 2011, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to encourage and induce aliens to illegally enter and reside in the United States in violation of 8 USC § 1324 (a) (1) (A) (v) (I) and (B) (i), a felony. The plea agreement to which respondent agreed noted his participation in a conspiracy to illegally smuggle aliens into the United States from in or about October 2006 through in or about June 2011. On June 15, 2012, respondent was sentenced to 21 months' incarceration, three years of supervised release, a fine of $5,000 and forfeiture of $750,000.

The Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) of the rules of this Court; immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, within 90 days after his release from prison, to show cause before a Referee appointed by this Court or a Hearing Panel of the Committee, why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]).

Although respondent, pro se, was served with the Committee's motion in the facility where he is incarcerated, no response has been received by this Court.

The Judiciary Law § 90 (4) (d) defines a "serious crime" as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state." Section 603.12 (b) of the rules of this Court states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law."

While the federal felony for which respondent was convicted has no New York counterpart warranting automatic disbar-

ment, it is a "serious crime" within the Judiciary Law definition (*see generally Matter of Lynch*, 55 AD3d 213 [1st Dept 2008] [attorney's conviction of, inter alia, the federal felony of conspiracy to employ a prohibited person constituted a "serious crime"]; *compare Matter of Evans*, 58 AD3d 164 [2d Dept 2008] [attorney convicted of, inter alia, inducing aliens to unlawfully reside in the United States and obtaining fraudulent student visas, was automatically disbarred based upon his fraudulent visa conviction]).

Additionally, an interim suspension is warranted since we have consistently held that "it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and who is serving a term of probation or imprisonment" (*Matter of Shapiro*, 81 AD3d 25, 27 [1st Dept 2011]; *see Matter of Lynch*, 55 AD3d 213 [1st Dept 2008]; *Matter of Klein*, 28 AD3d 102 [1st Dept 2006]).

Accordingly, the Committee's petition should be granted. We deem the offense of which respondent has been convicted a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) of the rules of this Court. Additionally, respondent should be suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court. Finally, respondent is directed to, within 90 days of the date of his release from prison, show cause before a Hearing Panel designated by the Committee, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, RENWICK and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.