[982 NYS2d 894]

In the Matter of MENGFEI YU, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 9, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Patrick Joyce*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

On April 2, 2013, the respondent pleaded guilty before the Honorable Robert P. Patterson in the United States District Court for the Southern District of New York to immigration fraud, in violation of 18 USC § 1546, and conspiracy to commit immigration fraud, in violation of 18 USC § 371.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of immigration fraud has been held to be "essentially similar" to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Archer*, 86 AD3d 131 [2011]; *Matter of Evans*, 58 AD3d 164 [2008]).

By virtue of her federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment on April 2, 2013.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Mengfei Yu, is disbarred, effective April 2, 2013, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mengfei Yu, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mengfei Yu, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mengfei Yu, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).