[991 NYS2d 507]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PETER GIANQUINTO, Defendant.

Supreme Court, New York County, August 5, 2014

## APPEARANCES OF COUNSEL

*David Krauss*, New York City, for defendant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Christopher Hirsch* of counsel), for plaintiff.

## OPINION OF THE COURT

JILL KONVISER, J.

At the defendant's arraignment on January 7, 2014, the People filed a statement of predicate felony conviction, alleging that the defendant was subject to a predicate felony conviction in the United States District Court, District of New Jersey, for the federal offense of false statement in application and use of passport, pursuant to 18 USC § 1542 (hereinafter the federal statute). On March 18, 2014, the defendant filed an affirmation challenging the statement of predicate felony conviction, asserting that the federal crime for which he had been convicted does not constitute a felony under New York law, and, thus, the conviction does not render him a predicate felon. The People filed an affirmation in response on April 8, 2014, contending that the federal statute is the equivalent of offering a false instrument for filing in the first degree, pursuant to Penal Law § 175.35 (hereinafter the state statute), and, therefore, the defendant may be adjudicated a predicate felon. On June 19, 2014, the defendant filed a reply affirmation, faulting the People's reliance on case law related to attorney discipline matters. This court, finding that the federal statute is not the equivalent of the state statute, concludes that the defendant's federal conviction does not render him a predicate felon.

To begin, a prior federal conviction can serve as the basis for a predicate felony conviction in New York (*People v Behrman*, 141 AD2d 372 [1st Dept 1988]), provided the federal statute under which a defendant is convicted is "for an offense which if committed in New York would be a felony." (*People v Sailor*, 65 NY2d 224, 237 [1985].) In order to determine whether a federal crime is the equivalent of a felony in New York, "the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for it is the statute upon which the indictment was drawn that necessarily defines and measures the crime." (*People v Gonzalez*, 61 NY2d 586, 589 [1984] [internal quotation marks and brackets omitted].) The test to determine whether a federal offense constitutes a felony under New York law is one of "strict equivalency," and "technical distinctions" between a federal and New York statute will

preclude use of the federal felony as a predicate for enhanced sentencing. (*People v Ramos*, 19 NY3d 417, 419 [2012].)

In this case, the federal statute provides that

> "[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or
>
> "[w]hoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement" shall be punished by a term of imprisonment of up to 25 years. (18 USC § 1542.)

The state statute provides, inter alia,

> "knowing that a written instrument contains a false statement or false information, and *with intent to defraud* the state or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" is a class E felony offense. (Penal Law § 175.35 [emphasis added].)

A careful examination of the two statutes makes plain that the state statute contains an element not included in the federal statute—that the proscribed conduct be committed with the intent to defraud. The federal statute, on the other hand, requires only the intent to induce or secure the issuance of a passport. More specifically, courts have held that the federal offense is complete "when one makes a statement one knows is untrue to procure a passport." (*See Liss v United States*, 915 F2d 287, 293 [7th Cir 1990] [citations omitted]; *see also United States v George*, 386 F3d 383 [2d Cir 2004].) In other words, the federal crime is accomplished by willfully and knowingly making a false statement in a passport application with the intent to secure a passport, regardless of whether one's intent in doing so is to defraud. The People's point—what purpose other than fraud is intended by one who knowingly makes a false statement in a passport application—is well taken, but irrelevant for

these purposes. What matters here is whether the intent to defraud is shared by the two statutes. Quite simply, it is not. The state statute requires that the proscribed conduct be committed with the intent to defraud, the federal statute does not. Indeed, the state crime is accomplished not only when "knowing that a written instrument contains" false information, one files such an instrument, but also when the filing of such an instrument is done with the additional mental state—the intent to defraud. Under the state statute, therefore, one's purpose is relevant, while under the federal statute, it is not. Accordingly, as the federal statute lacks the specific scienter element required by the state statute—the intent to defraud—it is not the "strict equivalent" of the state statute, and may not be used for the purpose of adjudicating the defendant a predicate felon in this state. (*See generally People v Schaner*, 133 AD2d 582 [1st Dept 1987]; *see also People v Gilchrist*, 223 AD2d 382 [1st Dept 1996]; *People v Giraldo*, 106 AD2d 401 [2d Dept 1984].)

The People's reliance on *Matter of Galang* (94 AD2d 280 [1st Dept 1983]), an attorney discipline matter, is misplaced. Although the Court in *Galang* found a similar federal statute—18 USC § 1546—to be the equivalent of a felony in New York—Penal Law § 175.35—the Court recognized that the state statute contained an element—the intent to defraud—that the federal statute did not. Nevertheless, the Court held that "the core of the offense[s]" matched sufficiently for the purposes of an attorney discipline matter (94 AD2d at 282). In another attorney discipline matter, *Matter of Chu* (42 NY2d 490, 494 [1977]), cited in *Galang*, the Court explained that in the context of an attorney discipline matter, the statutes need not match "precisely," and that "statutory discrepanc[ies]" are permissible when making a comparison, as it is the attorney's conduct that is dispositive, not whether the two statutes "precisely match[ ]." Thus, in the context of an attorney discipline matter, a "very close, if not a precise, parallelism" is sufficient. (*Id.*; *see Matter of Mydanick*, 78 AD2d 339 [1st Dept 1981]; *Matter of Margiotta*, 60 NY2d 147 [1983].) Of course, as noted above, the test to determine whether an offense constitutes a felony under New York law for the purpose of adjudicating a defendant a predicate felon is one of "strict equivalency" (*People v Ramos*, 19 NY3d at 419), and not the lesser standard of "very close." (*Matter of Chu*, 42 NY2d at 494.) As the federal and state statutes are not strictly equivalent, the federal statute may not be used as a basis to enhance the defendant's sentence.

Nor would it be appropriate for this court to examine, as the People urge, the accusatory instrument to determine whether the defendant possessed the intent to defraud—an element required only pursuant to the state statute. A court may examine the accusatory instrument when the "statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York" in order to "isolate and identify the statutory crime of which the defendant was accused." (*People v Muniz*, 74 NY2d 464, 468 [1989]; *People v Gonzalez*, 61 NY2d 586, 589 [1984].) Here, while it is unclear whether the defendant was convicted of the first or second subdivision of the federal statute, that is of no moment, as neither subdivision requires the intent to defraud, as does the state statute. It would be improper, therefore, for the court to examine the accusatory instrument.

Based on the foregoing, this court finds that the defendant's federal conviction may not be used as a basis to sentence him as a predicate felony offender in this case.