Matter of Gupta (2014 NY Slip Op 05984)
Matter of Gupta
2014 NY Slip Op 05984
Decided on August 27, 2014
Appellate Division, Second Department
Per Curiam.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on August 27, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
PETER B. SKELOS
MARK C. DILLON, JJ.


2009-11210

[*1]In the Matter of Raghubir K. Gupta, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Raghubir K. Gupta, respondent. (Attorney Registration No. 1848456)
Motion by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), as a result of his conviction of a felony, after a retrial, on March 14, 2014. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 25, 1983.


Diana Maxfield Kearse, Brooklyn, N.Y. (Mark F. Dewan of counsel), for petitioner.
Andrew M. Krisel, Brooklyn, N.Y., for respondent.
PER CURIAM.


OPINION & ORDER
On April 7, 2008, the respondent was found guilty, after a jury trial, in the United Stated District Court for the Southern District of New York (Honorable Deborah Batts), of immigration fraud, in violation of 18 USC § 1546. On October 26, 2009, he was sentenced to a period of incarceration of 51 months, a fine of $10,000, and three years of post-release supervision. By opinion and order of this Court dated June 8, 2010, the respondent's name was stricken from the roll of attorneys and counselors-at-law to reflect his automatic disbarment as of October 26, 2009, based on his felony conviction. In an amended opinion dated November 8, 2012, the United States Court of Appeals for the Second Circuit vacated the respondent's conviction and remanded the case for further proceedings not inconsistent with its opinion. The Second Circuit vacated the respondent's conviction on the ground that the District Court violated the respondent's Sixth Amendment right to a public trial when it intentionally and without justification closed the courtroom for the entirety of voir dire (see United States v Gupta, 699 F3d 682 [2d Cir]).
By decision and order on motion dated March 8, 2013, this Court granted that branch of the respondent's motion which was to vacate the opinion and order of this Court dated June 8, 2010, that disbarred him and struck his name from the roll of attorneys and counselors-at-law. The decision and order on motion dated March 8, 2013, denied the respondent's motion to the extent that he sought reinstatement, and, on the Court's own motion, immediately suspended him from the practice of law in the interim, based on the acts of professional misconduct underlying the criminal allegations, and, inter alia, authorized the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to institute and prosecute a disciplinary proceeding against him based on the acts of professional misconduct underlying the criminal allegations, and on any other charges [*2]of professional misconduct which may come to the Grievance Committee's attention.
On May 7, 2013, the New York Court of Appeals granted the respondent leave to appeal this Court's decision and order on motion dated March 8, 2013, and stayed so much of the order dated March 8, 2013, as suspended the respondent from the practice of law, without prejudice to an application by the Grievance Committee to this Court, on notice to the respondent, for an interim suspension.
Between March 10, 2014, and March 14, 2014, the respondent was retried by a jury in the United States District Court for the Southern District of New York, before the Honorable Robert P. Patterson. On March 14, 2014, the respondent was found guilty of immigration fraud, a felony in violation of 18 USC § 1546.
On May 1, 2014, the New York Court of Appeals dismissed the respondent's appeal on the ground that the issues presented became moot by virtue of his automatic disbarment on March 14, 2014 (see Matter of Gupta, 23 NY3d 925).
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.). For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
This Court has held that a violation of 18 USC § 1546 is analogous in the State of New York to Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony (see Matter of Mengfei Yu, 117 AD3d 143; Matter of Evans, 58 AD3d 164; see also Matter of Ramirez, 7 AD3d 52; Matter of Salberg, 276 AD2d 19; Matter of Monte, 94 AD2d 275; Matter of Galang, 94 AD2d 280).
By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a). The respondent's contention that his disbarment is premature because he had not yet been sentenced is without merit.
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b) is granted to reflect the respondent's automatic disbarment as of March 14, 2014.
ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Raghubir K. Gupta, is disbarred, effective March 14, 2014, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Raghubir K. Gupta, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Raghubir K. Gupta, is commanded to continue to desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Raghubir K. Gupta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f).
ENTER:
Aprilanne Agostino
Clerk of the Court