[1 NYS3d 850]

In the Matter of ANNA TSIRLINA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 25, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On February 28, 2014, the respondent was found guilty, after a jury trial, before the Honorable Raymond J. Dearie, in the United States District Court for the Eastern District of New York, of conspiracy to commit visa fraud, in violation of 18 USC § 371, and 10 counts of visa fraud, in violation of 18 USC § 1546 (a). On July 25, 2014, she was sentenced to a term of two years of imprisonment on each count, to run concurrently, and three years of supervised release. A special assessment of $1,000 was imposed as well (*see United States v Tsirlina*, 2014 WL 6632477, 2014 US Dist LEXIS 163323 [ED NY 2014]).

The respondent notified this Court of her conviction by letter dated July 26, 2014.

As revealed in the superseding indictment, the respondent and three others, between in or about January 2005 and September 2012, engaged in a scheme to solicit clients and charge them fees to fraudulently obtain H-1B visas and other employment-based visas by preparing and submitting false documents to the United States Citizenship and Immigration Services, and the Department of Labor's Employment and Training Administration.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

"The Judiciary Law provides for automatic disbar-

ment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The federal felony of visa fraud has been held to be "essentially similar" to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Mengfei Yu*, 117 AD3d 143 [2014]; *Matter of Archer*, 86 AD3d 131 [2011]; *Matter of Evans*, 58 AD3d 164 [2008]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, based on her conviction of a felony. Although served with a copy of the motion papers, the respondent has neither submitted a response nor requested additional time in which to do so.

By virtue of her federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a) on February 28, 2014.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment on February 28, 2014.

ENG, P.J., MASTRO, RIVERA, SKELOS and AUSTIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Anna Tsirlina, is disbarred, effective February 28, 2014, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Anna Tsirlina, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Anna Tsirlina, is commanded to desist and refrain from (1) practicing law in any form, either

4

as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anna Tsirlina, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).