[64 NYS3d 326]

In the Matter of GNOLEBA SERI (Admitted as GNOLEBA REMY SERI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 29, 2017

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*David W. Chandler* of counsel), for petitioner.

*Gnoleba Seri*, Bergenfield, New Jersey, respondent pro se.

OPINION OF THE COURTOpinion Per Curian.

Per Curiam.

On June 29, 2016, the respondent pleaded guilty in the United States District Court for the Southern District of New York to the crime of fraud and misuse of visas, permits, and other documents, in violation of 18 USC § 1546 (a), a federal felony. At the plea proceeding, the respondent admitted that, from in or about October 2012 to April 2015, he knowingly submitted falsified I-864 forms in support of applications for immigration visas. On October 28, 2016, the respondent was sentenced to time served, and two years of supervised release, which included 12 months of home confinement with location monitoring, and 100 hours of community service. Additionally, he was ordered to pay a fine of $3,000, and a mandatory special assessment of $100.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), based upon his felony conviction. As the Grievance Committee correctly contends, the violation of 18 USC § 1546 (a), a federal felony, has been determined to be essentially similar to the New York crime of offering a false instrument for filing in the first degree, in viola-

tion of Penal Law § 175.35 (1), a class E felony (*see Matter of Tsirlina*, 127 AD3d 1 [2015]; *Matter of Gupta*, 123 AD3d 164 [2014]; *Matter of Mengfei Yu*, 117 AD3d 143 [2014]; *Matter of Archer*, 86 AD3d 131 [2011]; *Matter of Collazo*, 81 AD3d 220 [2011]; *Matter of Evans*, 58 AD3d 164 [2008]).

The respondent has submitted a response in opposition and claims that this Court does not have jurisdiction, as he maintained an office in New York County for 12 years, and only temporarily shared office space during 2015 with another attorney located in Brooklyn. However, the respondent's registered office address on file with the Office of Court Administration is located in Brooklyn, which, pursuant to 22 NYCRR 1240.12 (a) and 1240.7 (a) (2), provides this Court with jurisdiction in this matter.

Additionally, the respondent contends that he has not been convicted of an essentially similar New York felony, as Penal Law § 175.35 (1) requires the filing to be made with the intent to defraud the State, which he argues is not an element under 18 USC § 1546 (a). The respondent's contention is without merit, as a comparison between the "core of the offense" under 18 USC § 1546 (a) and under Penal Law § 175.35 (1) confirms that both statutes constitute the "willful filing in a governmental office of a false statement knowing it to be false" (*Matter of Chu*, 42 NY2d 490, 494 [1977]).

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted to reflect the respondent's disbarment on June 29, 2016.

ENG, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, Gnoleba Seri, admitted as Gnoleba Remy Seri, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Gnoleba Seri, admitted as Gnoleba Remy Seri, is disbarred, effective June 29, 2016, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Gnoleba Seri, admitted as Gnoleba Remy Seri, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gnoleba Seri, admitted as Gnoleba Remy Seri, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Gnoleba Seri, admitted as Gnoleba Remy Seri, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).